# EXHIBIT A

Jan M. Weinberg, AAL, ALC
JAN M. WEINBERG    1417
Dillingham Transportation Bldg.
735 Bishop Street, Suite 336
Honolulu, Hawaii 96813
Telephone:   (808)523-0577
Email: janmweinberg@gmail.com
Attorney for Plaintiffs

Electronically Filed
FIRST CIRCUIT
1CCV-20-0000722
07-MAY-2020
03:25 PM

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| MARY RITCHEY, INDIVIDUALLY AND AS CONSERVATOR FOR A.M., a minor, | CIVIL NO. _____<br>(Motor Vehicle Tort) |
| Plaintiffs, | **COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |
| vs. | |
| KRISTI RANDO fka KRISTI MILLER; BITESQUAD.COM, LLC; WAITR HOLDINGS, INC.; JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE PARTNERSHIPS 1-5, DOE NON-PROFIT CORPORATIONS 1-5, DOE GOVERNMENTAL AGENCIES 1-5, | |
| Defendants. | |

## COMPLAINT

Plaintiffs MARY RITCHEY, individually and as Conservator for A.M., a minor, by their undersigned counsel, for their Complaint against the above-named Defendants, allege and aver as follows:

1.     At all times material to this Complaint, Plaintiff MARY RITCHEY has been a resident of the City and County of Honolulu, State of Hawaii.

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai'i. Dated at: Honolulu, Hawai'i 08-MAY-2020, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai'i



**EXHIBIT A**

2. Plaintiff MARY RITCHEY has been appointed by the Probate Court of the First Circuit Court, State of Hawaii, as a Conservator for her legal daughter, A.M., a minor, and is acting in such capacity to represent the legal rights of her daughter in this lawsuit. At all times material to this Complaint, A.M. has been a resident of the City and County of Honolulu, State of Hawaii.

3. At all times material to this Complaint, Defendant KRISTI RANDO fka KRISTI MILLER (hereinafter "Defendant RANDO") was a resident of the City and County of Honolulu, State of Hawaii, and presently resides in the State of New Jersey.

4. At all times material to this Complaint, Defendant BITESQUAD.COM, LLC (hereinafter "Defendant BiteSquad") has been a limited liability corporation, with its principal place of business in Minneapolis, Minnesota, doing business in the City and County of Honolulu as a food delivery service.

5. At all times material to this Complaint, Defendant WAITR HOLDINGS, INC. (hereinafter "Defendant WAITR") has been a Delaware corporation with its principal place of business in Lafayette, Louisiana. In January 2019 Defendant WAITR acquired and/or merged its business with Defendant BITESQUAD and does business as a for profit food delivery service within the City and County of Honolulu, State of Hawaii, using Defendant BITESQUAD's corporation and/or tradename.

6. All events described herein occurred within the City and County of Honolulu, State of Hawaii and within the jurisdiction of the Circuit Court of the First Circuit, State of Hawaii.

7. Plaintiffs diligently and in good faith have attempted to ascertain the names and identities, of other possible defendants whose identities are presently unknown to plaintiff.

These defendants are stated in the caption as various JOHN DOE defendants. Such attempts include obtaining any applicable occurrence report and contacting presently known witnesses to the occurrence. Despite the foregoing, the identities of other defendants, whose conduct may have been a legal cause of Plaintiff's injuries and damages, remain unknown to plaintiff.

8. Plaintiffs allege, on information and belief, that, directly or indirectly, the conduct of other defendants, presently unknown to plaintiffs and referenced in the caption to this Complaint as various JOHN DOE defendants, were or may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss thereby sustained by plaintiffs as a result of which all defendants, unidentified and identified, may be legally, jointly and severally, liable to plaintiffs for the injuries and losses sustained, inasmuch as the conduct of each defendant may have coincided and/or concurred with that of each and/or every other defendant, named or unnamed.

9. The injuries and damages suffered by Plaintiffs as a direct and legal result of the motor vehicle collision, described in paragraph 11, below, constitute an exception and/or exceptions to the abolition of joint tortfeasor liability as provided in Hawaii Revised Statutes, Section 431: 10C-306(b).

## FACTS APPLICABLE TO ALL COUNTS

10. Plaintiffs restate the allegations of Paragraphs 1 through 9 and incorporate those paragraphs by reference as though fully stated herein.

11. On October 13, 2018, at approximately 2:00 p.m., A.M. was a passenger in a motor vehicle that was struck broadside by a motor vehicle operated by Defendant RANDO in the intersection of N. Kainalu Drive and Mookua Street, Kailua, Hawaii.

3

12. The collision described in paragraph 11, above, occurred when Defendant RANDO failed to stop at a posted stop sign and invaded the lane of travel of the vehicle in which A.M. was a passenger.

## COUNT I

## NEGLIGENCE OF DEFENDANT RANDO

13. Plaintiffs reallege and incorporate the above allegations as though fully stated herein.

14. The above collision between the vehicle operated by Defendant RANDO and the vehicle in which A.M. was a passenger occurred as a direct and legal result of the negligence of Defendant RANDO and/or DOE DEFENDANTS, jointly and severally.

## COUNT II

## NEGLIGENCE OF DEFENDANT BITESQUAD

15. Plaintiffs reallege and incorporate the above allegations as though fully stated herein.

16. At all times material to this Complaint, Defendant RANDO was an employee of Defendant BITESQUAD and/or Doe Defendants and was acting within the course and scope of her employment. Defendant BITESQUAD and/or Doe Defendants is (are) therefore vicariously liable to Plaintiffs for the negligence of Defendant RANDO under the doctrine of *respondeat superior*.

17. Defendant BITESQUAD and/or Doe Defendants negligently hired and/or trained and/or supervised Defendant RANDO and/or negligently retained Defendant RANDO in employment and is (are) therefore jointly and severally liable to Plaintiffs.

## COUNT III

## NEGLIGENCE/LIABILITY OF DEFENDANT WAITR

19. Plaintiffs reallege and incorporate the above allegations as thought fully stated herein.

20. Defendant WAITR acquired the assets and debts of Defendant BITESQUAD in a purchase and/or merger that became effective, on information and belief, in January 2019.

21. Defendant WAITR is liable to Plaintiffs for their injuries and damages alleged herein, directly and/or vicariously, to the same extent as the liability of Defendant BITESQUAD.

## DAMAGES TO PLAINTIFF MARY RITCHEY AS CONSERVATOR FOR A.M.

22. Plaintiffs reallege and incorporate the above allegations as though fully stated herein.

23. As a direct and legal result of the above-alleged negligence and/or tortious misconduct of the defendants, jointly and severally, A.M. has suffered severe bodily injuries, severe emotional distress, diminished enjoyment of life, past/future medical and related expenses, future earnings loss and/or lifetime earnings impairment, and such other special damages as will be proved at trial.

## DAMAGES TO PLAINTIFF MARY RITCHEY

24. Plaintiff reallege and incorporate the above allegations as though fully stated herein.

25. As a direct and legal result of the above-alleged negligence and /or tortious misconduct of the defendants, jointly and severally, Plaintiff MARY RITCHEY has suffered severe emotional distress, loss of consortium of her daughter, A.M., past/future earnings losses, medical and related expenses, and such other special damages as may be proved at trial.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for damages exceeding the minimal jurisdictional limits of this Court, as follows:

1. General damages in such amounts as the jury/trier of fact may award;

2. Special damages in such amounts as are proved at trial;

3. Attorney's fees and costs such as may be awarded by the Court;

4. Such other and further relief as may be deemed just and proper, including but not limited to, prejudgment interest.

DATED: Honolulu, Hawaii, __5/7__, 2020.

/s/ Jan M. Weinberg
JAN M. WEINBERG
Attorney for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MARY RITCHEY, INDIVIDUALLY AND AS CONSERVATOR FOR A.M., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI RANDO fka KRISTI MILLER; BITESQUAD.COM, LLC; WAITR HOLDINGS, INC.; JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE PARTNERSHIPS 1-5, DOE NON-PROFIT CORPORATIONS 1-5, DOE GOVERNMENTAL AGENCIES 1-5,<br><br>Defendants. | CIVIL NO. _____<br>(Motor Vehicle Tort)<br><br>**DEMAND FOR JURY TRIAL** |

## DEMAND FOR JURY TRIAL

Plaintiffs MARY RITCHEY, INDIVIDUALLY AND AS CONSERVATOR FOR A.M., a minor, by their undersigned counsel, hereby demand trial by jury on all issues so triable herein pursuant to HRCP 22( c).

DATED: Honolulu, Hawaii, __5|7__, 2020.

/s/ Jan M. Weinberg
Attorney for Plaintiffs

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| **PLAINTIFF** MARY RITCHEY, INDIVIDUALLY AND AS CONSERVATOR FOR A.M., a minor, | VS. | **DEFENDANT(S)** KRISTI RANDO fka KRISTI MILLER; BITESQUAD.COM, LLC; WAITR HOLDINGS, INC.; JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE PARTNERSHIPS 1-5, DOE NON-PROFIT CORPORATIONS 1-5, DOE GOVERNMENTAL AGENCIES 1-5, |

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

JAN M. WEINBERG  #1417-0
735 Bishop Street, Suite 336
Honolulu, Hawaii 96813
Telephone: (808) 523-9477
Email: janmweinberg@gmail.com

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

Jan M. Weinberg, Esq.
735 Bishop Street, Suite 336
Honolulu, Hawaii 96813

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | Effective Date of 28-Oct-2019 Signed by: /s/ Patsy Nakamoto Clerk, 1st Circuit, State of Hawai'i  |
|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (1CCT) (10/19)
Summons to Complaint  RG-AC-508 (10/19)