UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MARY RITCHEY, INDIVIDUALLY AND AS CONSERVATORY FOR A.M., A MINOR, ET AL.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>KRISTI RANDO, FORMERLY KNOWN AS KRISTI MILER, ET AL.,<br><br>          Defendants. | CIV. NO. 21-00259 LEK-KJM |

**ORDER GRANTING PLAINTIFFS' MOTION FOR JOINDER OF
NON-DIVERSE DEFENDANT AND REMAND UNDER 28 U.S.C. 1447(E)**

On July 1, 2021, Plaintiffs Mary Ritchey, individually and as conservator for A.M., a minor ("Ritchey," "A.M.," and collectively "Ritchey Plaintiffs"), filed their Motion for Joinder of Non-Diverse Defendant and Remand under 28 U.S.C. 1447(e) ("Motion"). [Dkt. no. 16.] On July 2, 2021, Plaintiff Robert P. McPherson ("McPherson") filed his statement of no position regarding the Motion. [Dkt. no. 21.] On July 16, 2021, Defendants Bitesquad.com, LLC ("Bitesquad"), WAITR Holdings, Inc. ("WAITR"), and KASA Delivery, LLC ("KASA" and collectively "Bitesquad Defendants"[1]) filed their memorandum in

---

[1] KASA is a wholly-owned subsidiary of Bitesquad, which is owned by WAITR Intermediate Holding, LLC ("WAITR Intermediate"), which is owned by WAITR. [Defendant KASA Delivery, LLC's Corporate Disclosure Statement ("KASA Disclosure"), filed 6/7/21 (dkt. no. 7).]

opposition to the Motion ("Memorandum in Opposition").  [Dkt. no. 25.]  On the same day, Defendant Kristi Rando, formerly known as Kristi Miller ("Rando"), filed a joinder in the Bitesquad Defendants' Memorandum in Opposition.  [Dkt. no. 26.]  On July 23, 2021, the Ritchey Plaintiffs filed their reply to the Memorandum in Opposition ("Reply").  [Dkt. no. 30.]  This matter came on for hearing on August 6, 2021.  [Dkt. no. 37.]  On August 30, 2021, an entering order was issued informing the parties of this Court's rulings on the Motion.  [Dkt. no. 39.]  The instant Order supersedes that entering order.  The Ritchey Plaintiffs' Motion is hereby granted for the reasons set forth below.

### BACKGROUND

This case arises out of a motor vehicle collision involving Rando, A.M., and McPherson.  The Ritchey Plaintiffs filed their Complaint against Rondo, Bitesquad, WAITR, and Doe Defendants on May 7, 2020 ("Ritchey Complaint") in the State of Hawai`i, First Circuit Court ("State Court").  [Notice of Removal of State Court Action to Federal Court ("Notice of Removal"), filed 6/3/21 (dkt. no. 1), Decl. of Andrew D. Chianese ("Chianese Decl."), Exh. A (Ritchey Complaint).]  On May 20, 2020, McPherson filed his Complaint against Rando, Bitesquad, WAITR, and Doe Defendants ("McPherson Complaint") in State Court.  [Id., Exh. B (McPherson Complaint).]  On March 5,

2

2021, KASA was certified as one of the Doe Defendants in the Ritchey Complaint. [Id., Exh. G (State Court's Order Granting Plaintiffs' Non-Hearing Motion to Certify KASA Delivery, LLC, a Foreign Limited Liability Company, as Doe Corporation "1" Filed on November 17, 2020 (Dkt. 72)).] On April 8, 2021, the State Court consolidated the Ritchey case and the McPherson case. [Id., Exh. H (Order Granting Plaintiffs' Non-Hearing Motion to Consolidate Cases Filed on March 2, 2021 (Dkt. 107)).] On May 6, 2021, McPherson filed a motion for leave to file an amended complaint adding KASA as a defendant in the McPherson case. [Id., Exh. J (McPherson's Motion for Leave to File First Amended Complaint).] At the time of removal, the State Court had yet to rule on McPherson's motion for leave to file an amended complaint. [Chianese Decl. at ¶ 28.[2]]

On October 13, 2018, Rando, driving a motor vehicle, allegedly failed to stop at a stop sign and struck another motor vehicle, broadsiding the passenger side where A.M sat.[3] [Ritchey Complaint at ¶¶ 11-12.] The Ritchey Plaintiffs allege that: (1) Rando was negligent when she struck the motor vehicle containing A.M. ("Count I"); [id. at ¶¶ 13-14;] (2) Bitesquad is vicariously liable for Rando's negligence because Rando was

---

[2] The Chianese Declaration is misnumbered. Paragraph 28 appears between Paragraph 11 and Paragraph 12.

[3] A.M. is Ritchey's daughter. [Ritchey Complaint at ¶ 2.]

3

Bitesquad's employee and acting within the course and scope of her employment, and/or because Bitequad negligently hired, trained, supervised, or retained Rando ("Count II"); [id. at ¶¶ 16-17;] and (3) WAITR is negligent on the same basis as Bitesquad ("Count III"), [id. at ¶¶ 19-21]. The Ritchey Plaintiffs further allege that A.M. suffered severe bodily injury, severe emotional distress, diminished enjoyment of life, past and future medical and related expenses, future earnings loss, lifetime earnings impairment, and other special damages. [Id. at ¶¶ 22-23.] Ritchey individually alleges that she suffered severe emotional distress, loss of consortium with A.M., past and future earnings loss, medical and related expenses, and other special damages. [Id. at ¶¶ 24-25.] The Ritchey Plaintiffs seek: general and special damages; attorneys' fees and costs; and any other appropriate relief. [Id. at pg. 6.]

McPherson alleges that he was operating the motor vehicle that Rando hit, in which A.M., who is McPherson's daughter, suffered injuries. [McPherson Complaint at ¶ 10.] McPherson alleges that: (1) Rando was negligent ("McPherson Count I"); [id. at ¶¶ 12-13;] (2) Bitesquad is vicariously liable for Rando's negligence because Rando was Bitesquad's employee and acting within the course and scope of her employment, and/or because Bitesquad negligently hired, trained,

4

supervised, or retained Rando ("McPherson Count II"); [id. at ¶¶ 14-16;] WAITR is liable for the same reasons as Bitesquad; [id. at ¶¶ 17-19;] (4) the defendants' negligent conduct caused McPherson to suffer severe bodily injuries, emotional distress, diminished enjoyment of life, past and future medical and related expenses, future earnings loss and/or lifetime earnings impairment, and special damages ("McPherson Count IV"); [id. at ¶¶ 20-21;] and (5) he suffered loss of consortium with A.M. ("McPherson Count V"), [id. at ¶¶ 22-23]. McPherson seeks: general and special damages; attorneys' fees and costs; and any other appropriate relief. [Id. at pgs. 5-6.]

On May 18, 2021, the Bitesquad Defendants filed a motion seeking leave to file a third-party complaint against McPherson in the State Court ("5/18/21 Motion"). [Motion, Decl. of Jon S. Jacobs ("Jacobs Decl."), Exh. 8 (5/18/21 Motion).] On June 3, 2021, the Bitesquad Defendants filed their Notice of Removal on the ground that diversity jurisdiction was satisfied because: Ritchey, A.M., and McPherson are residents of Hawai`i; [Notice of Removal at ¶¶ 13-15;] Bitesquad is a Minnesota limited liability company with its principal place of business in Minnesota, and its sole member is WAITR Intermediate, a Delaware limited liability company that is a wholly-owned

5

subsidiary of WAITR; [id. at ¶ 16; KASA Disclosure at 2–3;[4]] WAITR is a Delaware corporation with its principal place of business in Louisiana; [Notice of Removal at ¶ 17;] KASA is a Minnesota limited liability company with its principal place of business in Minnesota, and it is a wholly-owned subsidiary of Bitesquad; [id. at ¶ 18;] and Rando is a New Jersey resident and consented to the filing of the Notice of Removal, [id. at ¶ 19]. The Bitesquad Defendants also claim that the amount in controversy exceeds $75,000, which includes medical expenses for all plaintiffs, lost wages, and emotional distress damages estimates.  [Id. at ¶¶ 20-26.]

      The Ritchey Plaintiffs now seek to join McPherson as a defendant under 28 U.S.C. § 1447(e).  [Motion at 2.]   They also request the case be remanded to the State Court because joinder of McPherson would destroy diversity jurisdiction.  [Id. at 3.] The Bitesquad Defendants ask the Court to either deny the Motion or, alternatively, grant the Ritchey Plaintiffs leave to assert a crossclaim against McPherson pursuant to Federal Rule of Civil Procedure 13(g).  [Mem. in Opp. at 1.]

---

[4] The Bitesquad Defendants' citations to the "Ashida Decl." as support for the citizenship averments are construed as citations to the Chianese Declaration.  See Notice of Removal at ¶¶ 16, 18-19.

**STANDARD**

I.  **General Removal Principles**

The general statute governing removal, 28 U.S.C. § 1441, is "strictly construe[d] . . . against removal jurisdiction." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018) (citations and quotation marks omitted).

> If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court. See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). The removing defendant bears the burden of overcoming the "strong presumption against removal jurisdiction." Geographic Expeditions, 599 F.3d at 1107 (citation omitted).

Id. at 1057.  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

II. **Joinder and Remand Under Section 1447(e)**

28 U.S.C. § 1447(e) states that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny

7

joinder, or permit joinder and remand the action to the State court." The decision to allow joinder under section 1447(e) is discretionary. Stevens v. Brink's Home Sec., Inc., 378 F.3d 944, 949 (9th Cir. 2004). But "once the non-diverse defendants [are] joined remand bec[omes] mandatory." Id. Courts generally consider the following factors in determining whether to allow the addition of a non-diverse defendant under § 1447(e):

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Ansagay v. Dow Agrosciences LLC, CIVIL NO. 15-00184 SOM-RLP, 2015 WL 9412856, at *2-3 (D. Hawai`i Dec. 3, 2015) (quoting Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000)), *report and recommendation adopted*, 2015 WL 9412112 (Dec. 22, 2015).

### DISCUSSION

The Ritchey Plaintiffs claim that all six factors weigh in favor of joinder and remand. See Mem. in Supp. of Motion at 8-12. The Bitesquad Defendants argue the opposite. See Mem. in Opp. at 20-24. The Court addresses each factor in turn.

8

I. **Joinder Needed for Just Adjudication**

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Ora-a v. Axis Ins. Co., CIV. NO. 20-00063 JAO-RT, 2020 WL 4757371, at *3 (D. Hawai`i July 31, 2020) (citing Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002)), *report and recommendation adopted*, 2020 WL 4757898 (Aug. 17, 2020). "[A]lthough courts consider whether a party would meet the Rule 19 standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Rule 19." Id. (brackets, citation, and quotation marks omitted). Ultimately, this "standard is met when failure to join will lead to separate and redundant actions, but it is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. (citation and quotation marks omitted).

The Ritchey Plaintiffs argue McPherson should be joined because the claims against McPherson "arise out of the same transaction or occurrence . . . from which his case originates." [Mem. in Supp. of Motion at 9.] The Bitesquad Defendants contend McPherson should not be joined as a defendant because "the Ritchey Plaintiffs could make a cross-claim against

9

him as a co-plaintiff." [Mem. in Opp. at 23.] Here, McPherson is not tangentially related to the cause of action because, as the driver of the motor vehicle that was struck by Rando, he is directly involved with the events at issue. A finding, for example, that he was negligent could alter the liability of the Bitesquad Defendants and affect the Ritchey Plaintiffs' avenue for recovery. Failure to join McPherson would likely lead to separate and redundant actions, given that the Ritchey Plaintiffs would need to prove the negligence of each defendant, including McPherson in a separate action.

Further, the Bitesquad Defendants' argument is flawed for at least two reasons. First, Federal Rule of Civil Procedure 13(g) "was intended to regulate cross-claims between co-parties and contemplated that such cross-claims should be asserted against parties having like status, such as, codefendants." Nye v. Hilo Med. Ctr., Civil No. 09-00220 JMS/KSC, 2010 WL 931926, at *7-8 (D. Hawai`i Mar. 11, 2010) (citation and quotation marks omitted). The Ritchey Plaintiffs and McPherson do not have "like status," because, although their claims arise out of the same occurrence, they filed separate complaints.[5] Consolidation does not necessarily cause the cases

---

[5] The Bitesquad Defendants rely on Ryan ex rel. Ryan v. Schneider National Carriers, Inc., 263 F.3d 816 (8th Cir. 2001), to argue that McPherson should be viewed as a co-party, and
(. . . continued)

10

to "lose their separate identity."  Hall v. Hall, 138 S. Ct. 1118, 1130 (2018) (citation and quotation marks omitted); see also Cnty. of Hawai`i v. C & J Coupe Fam. Ltd. P'ship, 119 Hawai`i 352, 371, 198 P.3d 615, 634 (2008) (stating Hawai`i courts follow the interpretation adopted by federal courts such that "consolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in suit parties to another" (emphasis and citations omitted)).  Of course, federal district courts may "consolidate cases for 'all purposes' in appropriate circumstances."  Hall, 138 S. Ct. at 1131.  But, here, the State Court granted the consolidation.  See Chianese Decl., Exh. H.  Even though the State Court consolidated the cases "for all purposes, including discovery and trial," it entered the order "without prejudice to any party's right to file a motion to sever or separate the cases as the facts are developed."  [Id. at PageID #: 99-100.] Since Hawai`i state courts generally follow the interpretation that consolidation does not merge the cases into a single action, or change the rights of the parties, this Court

---

therefore a crossclaim is the proper procedural mechanism for the Ritchey Plaintiffs to assert a claim against McPherson. [Mem. in Opp. at 18-19.]  First, that case is not binding authority on this Court.  Moreover, it is distinguishable because, there, the crossclaims were brought by and against the original plaintiffs.  Ryan, 263 F.3d at 818-19.  Here, the Ritchey Plaintiffs and McPherson are not original plaintiffs in each other's complaints.

11

concludes that the State Court's consolidation did not make McPherson and the Ritchey Plaintiffs co-plaintiffs. See C & J Coupe, 119 Hawai`i at 371, 198 P.3d at 634; First Hawaiian Bank v. Timothy, 96 Hawai`i 348, 352 n.2, 31 P.3d 205, 209 n.2 (Ct. App. 2001) (concluding that the trial court, in consolidating the cases, "intended that the actions be tried jointly but retain their separate character").

Second, it is axiomatic that "the plaintiff [is] the master of the claim." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." (citations omitted)). Again, the Ritchey Plaintiffs and McPherson filed separate complaints. To do so was their prerogative. Importantly, the Ritchey Plaintiffs request joinder and remand under § 1447(e). Thus, it is irrelevant for this analysis to consider what the Bitesquad Defendants believe the Ritchey Plaintiffs could have done.

Because failure to join McPherson would likely lead to separate and redundant actions, and McPherson is not tangentially related to the cause of action, this factor weighs in favor of joinder.

## II. <u>Statute of Limitations</u>

The Ritchey Plaintiffs argue this factor weighs in favor of joinder because, "[i]f joinder is not allowed, the statute of limitations may preclude claims against Mr. McPherson in state court." [Mem. in Supp. of Motion at 10.] The Bitesquad Defendants argue the statute of limitations is not a concern because the Ritchey Plaintiffs and McPherson "have the option to enter into a tolling agreement." [Mem. in Opp. at 24.] The Ritchey Plaintiffs state McPherson's "insurance defense counsel would never allow him to enter into a tolling agreement . . . and expose [him] (and his insurance carrier) to Plaintiffs' claims." [Reply at 7.]

Ritchey's negligence claims are subject to a two-year statute of limitations. <u>See</u> Haw. Rev. Stat. § 657-7. A.M.'s statute of limitations will run two years after she reaches the age of eighteen, <u>see</u> Haw. Rev. Stat. § 657-13(1), which the Ritchey Plaintiffs state will be in 2024, [Mem. in Supp. of Motion at 10]. Further, joinder of McPherson would preserve Ritchey's tort claims against McPherson under the relation-back doctrine. <u>See</u> Fed. R. Civ. P. 15(c)(1)(B). Failure to join McPherson in this action, however, would force Ritchey to bring her tort claims in state court after the statute of limitations. The Bitesquad Defendants do not contest this. <u>See</u> Mem. in Opp. at 23-24. Rather, they state that the parties may waive the

13

statute of limitations by entering into a tolling agreement. [Id. at 24.]  The Court will not speculate on whether a tolling agreement is a viable option.  The Ritchey Plaintiffs and McPherson have not done so.  As the facts currently stand, this factor weighs in favor of joinder and remand.

### III. Unexplained Delay

The Ritchey Plaintiffs claim that they have not delayed their request for joinder because the Bitesquad defendants delayed in filing their State Court motion for leave to name McPherson as a third-party defendant.  [Mem. in Supp. of Motion at 10-11.]  They also claim discovery is still in its early stages, [id. at 11,] but recent discovery leads them to believe McPherson was also negligent in the accident, [Reply at 9].  Lastly, they argue there is not a delay because the request to join McPherson occurred within thirty days after removal, and removal occurred sixteen days after the Bitesquad Defendants filed the motion for leave to file a third-party complaint against McPherson.  [Mem. in Supp. of Motion at 11.]  The Ritchey Plaintiffs' position appears to be that they became aware of McPherson's potential liability when the Bitesquad Defendants filed their motion for leave.  The Bitesquad Defendants argue that the request for joinder is delayed by over three years because the Ritchey Plaintiffs had notice of McPherson's negligence at the time of the collision, and the

14

motion for leave had no bearing on the Ritchey Plaintiffs' ability to request joinder sooner. [Mem. in Opp. at 21-22.]

The Court is skeptical of the reasons given as to why the request to join McPherson is so late in this case. The Ritchey Plaintiffs argument, that discovery has revealed new information concerning McPherson's negligence, is questionable. This factor therefore weighs against joinder.

**IV. Joinder to Solely Defeat Federal Jurisdiction**

"The motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Ora-a, 2020 WL 4757371, at *4 (brackets, citation, and quotation marks omitted). "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to state court." Id. (citation and quotation marks omitted).

The Ritchey Plaintiffs argue joinder is not requested solely to defeat federal jurisdiction because it was a response to the Bitesquad Defendants' motion for leave in the State Court to file a third-party complaint against McPherson, which was filed sixteen days before the Bitesquad Defendants removed the case. [Mem. in Supp. of Motion at 11.] The Bitesquad Defendants question the motive for joinder because the Ritchey

15

Plaintiffs requested joinder within thirty days of removal. [Mem. in Opp. at 21-22.]

The proximity in time between removal and the request for joinder raises concerns about the Ritchey Plaintiffs' motives. That the Ritchey Plaintiffs requested joinder within a reasonable amount of time after the Bitesquad Defendants filed their motion for leave to file a third-party complaint against McPherson may suggest a different motive. This factor is therefore either neutral or weighs slightly against joinder.

## V.   Validity of Claims Against Defendant

The Ritchey Plaintiffs argue that the claims against McPherson are valid because they "arise under state law and from the same transaction or occurrence as their claims against the other Defendants." [Mem. in Supp. of Motion at 12.] The Bitesquad Defendants fail to address this factor of the § 1447(e) analysis, but, in the context of their crossclaim argument, they also assert the Ritchey Plaintiffs' claims against McPherson arise out of the same transaction or occurrence as the Ritchey Plaintiffs' claims against the other defendants. See Mem. in Opp. at 19-20.

The Ritchey Plaintiffs give cursory treatment to McPherson's alleged negligence in the proposed amended complaint naming McPherson as a defendant. See Jacobs Decl., Exh. 1. In any event, McPherson's alleged negligence potentially changes

16

the calculus for liability and damages.  Thus, for purposes of the instant Motion the Court concludes there is sufficient validity in the proposed negligence claim against McPherson to support joinder.

**VI.  Prejudice to Plaintiffs**

The Ritchey Plaintiffs claim that denial of joinder will prejudice them because it "would require Plaintiffs to pursue simultaneous lawsuits on parallel tracks in federal court against [the Bitesquad Defendants] and in state court against Mr. McPherson."  [Mem. in Supp. of Motion at 12.]  They also argue that "without joinder of Mr. McPherson, the statute of limitations may preclude claims against him in state court." [Id.]  The Bitesquad Defendants argue the Ritchey Plaintiffs would not be prejudiced because they can assert a crossclaim, which "gives the Ritchey Plaintiffs the same protection they seek by asserting claims against [] McPherson as a defendant." [Mem. in Opp. at 24 (citation omitted).]  The Bitesquad Defendants further contend they would be prejudiced by joinder and remand because they "have a right to elect" federal jurisdiction.  [Id.]

Failure to join McPherson would require the Ritchey Plaintiffs to either file their negligence claim against him in state court in a parallel suit or drop the claim against him altogether.  This would be prejudicial to the Ritchey Plaintiffs

17

because it would be costly and time consuming to pursue a parallel action against McPherson in state court or it would preclude them from seeking a potential avenue for recovery if they decide not to seek a parallel action.

Moreover, the Bitesquad Defendants' arguments are unpersuasive. First, as stated earlier, the Court is not convinced that a crossclaim is an appropriate mechanism for the Ritchey Plaintiffs. See *supra* Discussion Section I. Regardless, the Ritchey Plaintiffs are requesting joinder under § 1447(e), not through a crossclaim. See id. Second, this factor concerns prejudice to the **plaintiffs**, not the defendants. See Ansagay, 2015 WL 9412856, at *3. Even if the possibility of prejudice to the defendant was considered in this factor, the Court would find that joinder would result in minimal, if any, prejudice to the Bitesquad Defendants. Although they claim that they have a right to elect federal jurisdiction, [Mem. in Opp. at 24,] they have not shown that they would be prejudiced if they were required to defend against this state-law negligence action in state court. Accordingly, this factor supports joinder.

## VII. Summary

Four of the six factors weigh in favor of allowing the Ritchey Plaintiffs to join McPherson as a defendant. Additionally, the Bitesquad Defendants fail to overcome the

18

"strong presumption against removal jurisdiction," see Hunter, 582 F.3d at 1042 (citation and quotation marks omitted), because they did not sufficiently articulate why federal jurisdiction is appropriate in this action, which exclusively involves state law. Thus, joinder and remand are proper.[6]

## CONCLUSION

For the foregoing reasons, the Ritchey Plaintiffs' Motion for Joinder of Non-Diverse Defendant and Remand under 28 U.S.C. 1447(e), filed July 1, 2021, is HEREBY GRANTED. The Clerk's Office is DIRECTED to effectuate the remand on **October 6, 2021** unless any party files a timely motion for reconsideration of the instant Order.

IT IS SO ORDERED.

//

//

//

---

[6] The Bitesquad Defendants argue that, if the Court joins McPherson, then it should retain jurisdiction by exercising supplemental jurisdiction under 28 U.S.C. § 1367. [Mem. in Opp. at 24-25.] The Ninth Circuit has made it clear that a district court's decision to allow joinder of a non-diverse defendant under § 1447(e) is discretionary, but once the non-diverse defendant is joined, remand becomes mandatory. Stevens, 378 F.3d at 949 ("A district court may not allow joinder and retain jurisdiction." (citation omitted)); see also Est. of Tungpalan v. Crown Equip. Corp., Civil No. 11-00581 LEK-BMK, 2013 WL 2897777, at *12 (D. Hawai`i June 12, 2013) (stating the magistrate judge correctly held that, under § 1447(e), "the addition of the non-diverse defendant requires remand").

DATED AT HONOLULU, HAWAII, September 21, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARY RITCHEY, INDIVIDUALLY AND AS CONSERVATORY FOR A.M., A MINOR, ET AL. VS. KRISTI RANDO, FORMERLY KNOWN AS KRISTI MILLER, ET AL.; CV 21-00259 LEK-KJM; ORDER GRANTING PLAINTIFFS' MOTION FOR JOINDER OF NON-DIVERSE DEFENDANT AND REMAND UNDER 28 U.S.C. 1447(E)**